UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ASPHALT SOUTH, INC., a California corporation,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a Municipal corporation<br><br>                                    Defendant. | Case No.:  21cv176 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

This case comes before the Court on Plaintiff's ex parte application for a temporary restraining order ("TRO") and order to show cause re: preliminary injunction. In accordance with this Court's January 30, 2021 Order, Plaintiff served Defendant with a copy of its application, and Defendant has now filed its response.

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no

longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Here, Plaintiff has not shown it is likely to succeed on the merits of its claims. The only substantive claim Plaintiff alleges is one for procedural due process.[1] But as Defendant points out, Plaintiff was provided with notice of the charges against it, and will be provided an opportunity to rebut those charges at a hearing before the Office of Administrative Hearings ("OAH"). (*See* Decl. of Cassandra Mougin in Supp. of Opp'n to Ex Parte Application, Ex. A) (June 16, 2020 letter from Kris Michell, Chief Operating Officer of City of San Diego to Mr. Allan A. Henderson, President and CEO of American Asphalt South, Inc., informing Mr. Henderson of suspension and intent to seek debarment, and providing grounds therefor, including emails between city employee and representative of American Asphalt, and detailing city employee's admission to receipt of gifts from Plaintiff, including tickets to football game in San Francisco, including hotel and airfare); Decl. of Ian Johnson in Supp. of Opp'n to Ex Parte Application ("Johnson Decl."), Ex. D (City's request to set hearing before OAH). To the extent Plaintiff complains about the delay in setting the hearing, any delay cannot be attributed solely to Defendant. Rather, the OAH assigns hearing dates "subject to availability[.]" (Johnson Decl., Ex. D.)

---

[1] Plaintiff's only other claim is for declaratory relief.

Furthermore, Plaintiff itself has delayed the scheduling of the hearing by filing Public Records Act requests and a petition for writ of mandate in San Diego Superior Court, and claiming that the City records must be produced before it can proceed with the hearing. (Johnson Decl., Ex. B.)

Plaintiff has also failed to show it will suffer irreparable injury if a temporary restraining order does not issue.  Although Plaintiff will continue to be suspended from bidding on contracts with Defendant, Plaintiff is still able to seek out other business opportunities with other entities, public and private.  Therefore, this factor also weighs against the issuance of a temporary restraining order.

Finally, the other two factors, the balance of hardships and the public interest, do not weigh in favor of the issuance of a temporary restraining order.  Although Plaintiff may suffer financial hardship if a TRO does not issue, Plaintiff may guard against that hardship by seeking out business with other entities.  The City, on the other hand, may face a different type of hardship if Plaintiff is allowed to participate in the bidding process pending its debarment proceedings, namely unfairness in its bidding process.  Ensuring fairness in that process also serves the public interest, which, again, weighs against issuance of a TRO.

For these reasons, Plaintiff's ex parte application for a temporary restraining order and order to show cause re: preliminary injunction is denied.

**IT IS SO ORDERED**.

Dated:  February 5, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court